UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                      :

TRUSTEES OF THE NEW YORK CITY        :    **ORDER GRANTING MOTION**
DISTRICT COUNCIL OF CARPENTERS      :    **FOR SUMMARY JUDGMENT**
PENSION FUND, WELFARE FUND, ANNUITY : 
FUND, and APPRENTICESHIP, JOURNEYMAN :   20 Civ. 1928 (AKH)
RETRAINING, EDUCATIONAL AND          :
INDUSTRY FUND, TRUSTEES OF THE NEW   :
YORK CITY CARPENTERS RELIEF AND      :
CHARITY FUND, THE CARPENTER           :
CONTRACTOR ALLIANCE OF                  :
METROPOLITAN NEW YORK, and the NEW   :
YORK CITY DISTRICT COUNCIL OF          :
CARPENTERS,                                   :
                                                     :
                                  Petitioners,     :
                                                      :
    -against-                                :
                                                      :
VANTAGETOP LLC,                         :
                                                      :
                                     Respondent.    :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        The above-named Petitioners filed a petition on March 4, 2020, pursuant to Section 301 of the Labor Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, to confirm an arbitration award. ECF No. 1 ("Pet.").

        According to the petition, Respondent is a party to a Project Labor Agreement ("PLA"). *See* Pet., Ex. A (PLA); Pet., Ex. B (letter of assent in which Respondent agrees to be bound to PLA). Through the PLA, Respondent also agreed to be bound by various collective bargaining agreements, including, as relevant here, the Independent Building Construction Agreement (the "Independent Agreement"), Pet., Ex. C. The PLA and Independent Agreement require Respondent to make contributions on behalf of employees to certain employee benefit

1

funds.  PLA, Art. 11, § 2(A); Independent Agreement, Art. VI, § 1.  To ensure compliance with the contribution requirements, Respondent must furnish its books and records upon request for an audit.  Independent Agreement, Art. VI, § 1.  In the event Respondent refuses, damages are calculated based on a formula set out in a collection policy to which Respondent is also bound.  Independent Agreement, Art. XV, § 3; Pet., Ex. D.  Respondent allegedly violated the Independent Agreement by failing to furnish its books and records for an audit.

The Independent Agreement permits resolution by arbitration of disputes over employer contributions.  *See* Independent Agreement, Art. XV, § 7.  It also provides for attorneys' fees and costs incurred in collection efforts.  *See* Independent Agreement, Art. XV, § 6(a).  On November 12, 2019, an arbitrator awarded Petitioners $587,303.63, plus interest at a rate of 7.5% from the date of the award.  Pet., Ex. F.

In the instant action, Respondent was served on March 9, 2020, *see* ECF No. 7, and has not appeared in this case.  On April 30, 2020, Petitioners filed a letter requesting that the petition to confirm the arbitration award be deemed an unopposed motion for summary judgment.  ECF No. 8.  Because the detailed verified petition, sworn to on March 4, 2020, furnishes the proof necessary for the court to determine the merits, I may proceed to a summary judgment ruling.  *Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428-29 (S.D.N.Y. 2008).

Petitioners' motion for summary judgment is granted.  "Court review of an arbitration award is extremely deferential under both § 301 of the LMRA, 29 U.S.C. § 185, and § 9 of the Federal Arbitration Act ('FAA'), 9 U.S.C. § 9."  *Supreme Oil Co. v. Abondolo*, 568 F. Supp. 2d 401, 405 (S.D.N.Y. 2008).  "[A] district court's review is confined to two questions: first, 'whether the arbitrator acted within the scope of his authority,' and second, 'whether the

award draws its essence from the agreement or is merely an example of the arbitrator's own brand of justice.'" *Local Union No. 38 v. Hollywood Heating & Cooling, Inc.*, 88 F. Supp. 2d 246, 252 (S.D.N.Y. 2000)) (quoting *Local 1199, Drug, Hosp. & Health Care Emps. Union v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir.1992)).  Here, the arbitration award was made pursuant to the parties' agreements, and Respondent has not presented any basis under the FAA for vacating the award, *see* FAA §10, or for otherwise modifying, *see* FAA §11.

I also award the Petitioners attorneys' fees and costs.  The Independent Agreement allows such an award.  Independent Agreement, Art. XV, § 6(a).  Furthermore, "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (quoting *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron*, 688 F.2d 997, 999 (5th Cir. 1982)).  I find that Petitioners' request for $747 in attorneys' fees for 4.5 hours of work on the instant action is reasonable, as is their request for $70 in costs.

Therefore, the motion for summary judgment is granted.  The Clerk shall enter judgment in favor of Petitioners: 1) confirming the arbitration award of $587,303.63, plus interest accruing at a rate of 7.5% from November 12, 2019 until the date of judgment; 2) awarding attorneys' fees in the amount of $747; 3) awarding costs in the amount of $70; and 4) awarding post-judgment interest at the statutory rate.  The Clerk shall mark the case closed.

SO ORDERED.

Dated: New York, New York
May 13, 2020

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge